IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOUG E. CHARLES,
# 17894-026,

Petitioner,

vs.

JAMES N. CROSS,

Respondent.                                                    Case No. 15-cv-777-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Petitioner Doug Charles, who is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the computation of his sentence by the Federal Bureau of Prisons ("BOP") (Doc. 1). This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. As discussed in more detail below, the Section 2241 petition is subject to further review.

## Background

On December 21, 2011, Charles and several co-defendants were indicted in the United States District Court for the Central District of Illinois for conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). *See United States v. Steele, et al.*, Case No. 11-cr-10122-MMM-JEH (C.D. Ill. 2011) ("criminal case") (Doc. 1). Charles entered a plea of "not guilty" to all counts on February 13, 2012. *Id.* He changed his plea to "guilty" pursuant to a written plea agreement on August 16, 2012. *Id.* The Court accepted the plea and entered a judgment of conviction the same day. On February 25, 2013, the Court (hereinafter "sentencing court") sentenced Charles to a term of 120 months in the BOP to run concurrently with sentences imposed against him in three Illinois state criminal cases, i.e., Knox County Case Nos. 07-CF-432, 09-CF-626, and 09-CF-746. Charles also received an 8-year term of supervised release.

Charles filed a "motion for clarification" with the sentencing court on April 1, 2013 (Doc. 225, criminal case). He sought an order directing the BOP to calculate his current and projected release date. The sentencing court denied the motion and directed Charles to use the proper administrative channels to seek review of the sentence calculation.

According to documentation that he filed with the instant petition, Charles submitted this request to the institution, regional director, and central office (Doc. 1, pp. 10, 14-15). He also filed a motion to reduce sentence with the sentencing court on December 1, 2014 (Doc. 270, criminal case). After filing the instant

habeas petition, the sentencing court set a hearing on the motion for September 29, 2015.

### Habeas Petition

Charles challenges the computation of his sentence on two grounds. First, Charles claims that his sentence was improperly calculated under 18 U.S.C. § 3585(b) ("Ground 1") (Doc. 1, p. 3). He contends that, as a defendant who is serving concurrent state and federal sentences, he is entitled to receive credit against his federal sentence for all of his pre-sentence incarceration, whether it was served in state or federal custody. *Id.*

Charles seeks 705 days of prior jail credit. This covers the time he was in custody between his arraignment on February 13, 2012, and his release from IDOC custody on November 21, 2013.[1] *Id.* He was taken into BOP custody on January 23, 2014.[2] Charles asserts that BOP calculations of this prior jail credit yielded inconsistent results (i.e., 200 days credit on February 25, 2014; 210 days credit on January 6, 2015; 226 days credit on January 7, 2015) (Doc. 1, pp. 3-4). He asks this Court to review his sentence computation.

Second, Charles claims that he is eligible for a downward adjustment to his sentence under U.S.S.G. § 5G1.3(b), (c) ("Ground 2") (Doc. 1, pp. 4-5). He seeks credit for 74 months and 24 days he served on multiple state court convictions. This includes a 12-month sentence for a California state court conviction and 62 months and 24 days that he served on three Illinois state court convictions. *Id.*

---

[1] This actually totals 648 days.
[2] If the time between Charles' release from IDOC custody and transfer to BOP custody is included in this calculation, the total is 711 days and not 705 days.

**Discussion**

Normally, a federal prisoner who challenges the validity of his conviction or sentence is required to bring his claim in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the district of conviction. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). When an inmate is attacking the length of his confinement based, for example, on the BOP's sentence computation, he may file a Section 2241 petition in the district of confinement. *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)). "Ground 1" of the petition, which directly challenges the BOP's computation of Charles' sentence, is cognizable under Section 2241 and shall receive further review.

Ground 2 shall be dismissed. Charles' demand for a downward adjustment to his sentence under the Sentencing Guidelines relates to the imposition of his sentence by the sentencing court, not the computation of his sentence by the BOP. Charles should have addressed this matter before the sentencing court and in a direct appeal. As alluded to in the "Background" section above, Charles has, in fact, filed a motion to reduce sentence with the sentencing court (Doc. 270, criminal case). That motion remains pending and is set for a hearing in late September 2015. Under the circumstances, the Court deems it appropriate to dismiss Ground 2 without prejudice at this time.

Without commenting on the merits of Charles' claims, the Court concludes that **Ground 1** survives preliminary review under Rule 4 and Rule 1(b) of the

Rules Governing Section 2254 Cases in United States District Courts.  **Ground 2** does not and shall be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that **GROUND 2** of the Petition is **DISMISSED** without prejudice.

**IT IS HEREBY ORDERED** that Respondent Warden James N. Cross shall answer the petition or otherwise plead within thirty (30) days of the date this order is entered (on or before September 14, 2015).[3]  This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate **Judge Clifford J. Proud** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts

---

[3] The response date Ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.  *See* SDIL-EFR 3.

during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   August 13, 2015.**

Digitally signed by
David R. Herndon
Date: 2015.08.13
13:20:19 -05'00'

_____
**UNITED STATES DISTRICT JUDGE**